**Alfred Lee BROOKS, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. A14–84–381–CR, B14–84–382–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

March 28, 1985.

Ira Chenkin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Roe Morris, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal from two convictions for the offenses of aggravated sexual assault (Cause No. 395,537) and aggravated kidnapping (Cause No. 398,036). The appellant agreed that both offenses be tried together and pled not guilty. The jury found him guilty and, upon a plea of true to the enhancement allegations in both indictments, punishment was assessed by the trial court at thirty years' confinement for the offense of aggravated sexual assault and fifteen years for aggravated kidnapping. Appellant alleges the trial court erred in failing to charge the jury on the lesser included offenses of sexual assault and kidnapping, and in granting the state's Motion in Limine precluding defense counsel from cross-examining the state's witnesses as to their juvenile records. We find no error and affirm.

J.L., age sixteen at the time of the offense and the complainant in the aggravated sexual assault charge, testified that on December 27, 1983, she and two other girls, I.Z. and D.R., were living at the Sunset West Apartments. B.T., a man who also lived in the apartment complex, asked the girls to come to his apartment for barbeque. When the girls entered the apartment the appellant and his common law wife were present. According to J.L., the appellant produced a Bible on which he spat and from which he instructed the girls to read. He gave each girl a beer and box of cigarettes. Appellant then took a gun from beneath the sofa cushion, tucked it into his pants and followed his wife out of the apartment to check the barbeque. B.T. told the girls the appellant would be angry if they tried to leave. When appellant returned, he pushed his wife into the bedroom and closed the door. The girls told him they wanted to leave but he told them they would have to pay him for the cigarettes. He then told the girls to take off their clothes so that he could "fantasize off of" them. When the girls refused he took the girls into the kitchen, forced them at gunpoint to undress, returned them to the living room, removed his pants and fondled himself. He then took J.L. to the kitchen, kicked her and raped her at gunpoint. Afterwards he returned their clothing and allowed them to leave but threatened to kill them if they went to the police. D.R. and I.Z., the complainant in the aggravated kidnapping case, also testified. They confirmed J.L.'s depiction of the ordeal and

stated the appellant's gun and threats kept them from leaving the apartment.

In his first two grounds of error the appellant asserts the trial court erred in failing to charge the jury on the lesser included offenses of sexual assault and kidnapping. Specifically, appellant alleges that the testimony of his common law wife, Barbara Comer Brooks, produced evidence to support the lesser included offenses.

 The general rule concerning the required submission of jury charges is that when the evidence from any source raises an issue of a lesser included offense, and there is testimony that, if guilty at all, the appellant is guilty only of the lesser included offense, then the charge on the lesser included offense must be submitted to the jury. *Hunter v. State*, 647 S.W.2d 657, 658 (Tex.Crim.App.1983) (en banc). Barbara Comer Brooks' testimony essentially denied that anything illegal happened; she did not see a gun, the girls were never undressed, the appellant never removed his pants, the girls were not prevented from leaving the apartment, the appellant never threatened the girls nor did the appellant rape J.L. Thus, no evidence of sexual assault or kidnapping was presented and no error is shown in the trial court's refusal to charge the jury on these lesser included offenses. *See Hackbarth v. State*, 617 S.W.2d 944, 947 (Tex.Crim.App.1981); *Johnson v. State*, 665 S.W.2d 554, 557 (Tex.App.— Houston [1st Dist.] 1984, no pet.). The first two grounds of error are overruled.

In his third ground of error appellant contends the trial court erred in granting the state's Motion in Limine precluding defense counsel from cross-examining J.L., D.R. and I.Z. as to their juvenile records. Prior to trial the appellant sought to discover from the state any prior convictions and arrests of all three girls. Appellant's stated purpose was to impeach their general credibility since no medical testimony would be presented. The state presented an oral Motion in Limine to preclude cross-examination based on any such records. The trial court agreed to delay a ruling until appellant presented case law to sup-port his contention that he was entitled to cross-examine the girls on their prior juvenile records. During trial the court granted the state's Motion and prohibited the appellant from going into the juvenile records for purposes of impeachment on general credibility, but advised appellant that he could ask on cross-examination if the girls had been convicted of a felony or misdemeanor involving moral turpitude, unless the door was opened otherwise by the state. Appellant did not file a bill of exception but contends that extreme prejudice resulted from being denied the opportunity to place a material witness in her proper setting.

 It is generally improper to impeach a witness by proof of a prior juvenile record. *Barecky v. State*, 639 S.W.2d 943, 944 (Tex.Crim.App.1982). Exceptions to this rule are recognized when the impeachment is to show a witness' bias, motive or prejudice to assist the party for whom he is testifying, but not to impeach general credibility. *See Harris v. State*, 642 S.W.2d 471 (Tex.Crim.App.1982) (en banc).

 The initial question before this court is whether appellant has preserved error. A bill of exception is not necessary to preserve error if the record is fully developed as to the facts the appellant sought to establish and the reasons such facts were probative of the witness' credibility. *Id.* at 479. There is nothing in the record to indicate appellant's purpose in cross-examining the girls as to their prior juvenile records except to attack their general credibility, therefore error was not preserved. We also note, however, that appellant mistakenly relies on *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *Harris,* to support his right to place a material witness in her proper setting. In *Davis* the Supreme Court held that to refuse to allow cross-examination of a witness about a juvenile probation *which had not expired* so as to show motive and bias violated the accused's right to confrontation. However, the Court in *Davis* repeatedly distinguished between the use of a prior conviction mere-

ly to show lack of truthful character and its use to show bias or motive. *See Bilbrey v. State*, 594 S.W.2d 754 (Tex.Crim. App.1980). In both *Davis* and *Harris* the prior convictions were sought to show bias, motive or prejudice and the records of the trial proceedings were fully developed as to facts supporting this use. Here the record is silent as to any bias, motive or prejudice the state's witnesses had in testifying as they did. The third ground of error is overruled and the conviction is affirmed.