James William BROADWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 86 021 CR.

Court of Appeals of Texas, Beaumont.

June 10, 1987.

John D. MacDonald, II, Coleman, Mac-Donald & Fitch, New Caney, for appellant.

Mary Ann Turner, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was convicted by a jury for the offense of aggravated sexual assault. The jury assessed punishment at thirty-six years confinement in the Texas Department of Corrections. Appellant has presented three points of error.

By his second point of error Appellant argues that the evidence is insufficient to support his conviction because there was no showing beyond a reasonable doubt that Appellant used a deadly weapon in the commission of the offense. We note that the indictment alleged two alternative means by which the sexual assault was aggravated. The first paragraph alleged that Appellant "did then and there by acts and words place P.N. in fear that serious bodily injury would be imminently inflicted on P.N." *See TEX.PENAL CODE ANN. sec. 22.021(a)(2)* (Vernon Supp.1987). The second paragraph alleged that Appellant "did then and there use and exhibit a deadly weapon, to-wit: a knife...." The test for whether the evidence is sufficient to support a conviction is whether any rational trier of fact could, viewing the evidence in the light most favorable to the State, find that the State proved each and every element of the offense beyond a reasonable doubt. *See Hankins v. State,* 646 S.W.2d 191 (Tex.Crim.App.1981).

P.N. testified that Appellant grabbed her from behind while she was in her home. One reasonable inference that may be drawn from N.'s testimony is that she did not know that Appellant was inside her home at the time. Mrs. N. testified that she saw Appellant well enough to identify him before he covered her face with one of her baby's garments. She testified that when Appellant grabbed her he told her he had a knife. She also stated that during this initial stage of the assault her finger was cut by something sharp. This testimony was corroborated by the evidence that her finger bled on her clothing and other household articles she touched during the assault. Mrs. N. testified that she "squiggled" as Appellant was tying her hands and he responded by placing what she recognized by touch to be a knife to her neck. When he put the knife to her neck, Appellant told her not to struggle anymore. Mrs. N. testified that she was afraid of being injured or killed and could not flee from her assailant because her baby daughter was still in the house. Shortly after Appellant left her house, Mrs. N. found that a butcher knife with a blade eight to twelve inches in length was missing. Detective Russell Reynolds of the Conroe Police Department, testified that such a knife was capable of inflicting death or serious bodily injury.

Appellant argues that since Mrs. N. did not testify that she ever saw a knife in Appellant's hands, and no knife was introduced in evidence, that the evidence is insufficient. We hold that the evidence was sufficient to allow the jury to reasonably infer that Appellant used a deadly weapon in the commission of the offense. Appellant's second point of error is overruled.

By his third point of error Appellant argues that the evidence is insufficient be-

cause there was no proof beyond a reasonable doubt that Appellant used force and threats in the commission of the offense. This point of error and the argument by Appellant are somewhat confusing. It is unclear whether Appellant is attacking the sufficiency of the proof that the alleged acts were committed without the consent of P.N. or whether he means to urge that the proof was insufficient that he placed Mrs. N. in fear of imminent death or serious bodily injury by his words or acts.

First we will assume that Appellant is complaining that there was insufficient evidence to prove that he caused the penetration of the complainant's vagina with his sexual organ without her consent. A sexual assault is without the consent of the complainant if the actor compels the complainant to submit or participate by the use of physical force or violence, or he compels her to submit or participate by threatening the use of force or violence against her, and she believes the actor has the present ability to execute the threat. *TEX.PENAL CODE ANN. sec. 22.011(b)(1) and (2)* (Vernon Supp.1987). Even if Appellant in fact did not have a knife, the evidence was sufficient to establish that he threatened to use force against Mrs. N. by stating he had a knife, and by blindfolding her and tying her hands. *See Church v. State,* 552 S.W.2d 138 (Tex.Crim.App.1977).

If Appellant is complaining that the evidence is insufficient to show that he placed Mrs. N. in fear of death or serious bodily injury so that the evidence would only prove sexual assault and not aggravated sexual assault, we find the evidence sufficient to prove the aggravated offense. Mrs. N. testified that she was put in fear that Appellant would inflict serious bodily injury upon her. Her testimony that Appellant blindfolded her, and tied her hands after telling her he had a knife, is sufficient proof of the aggravating factor alleged in the indictment. Appellant's third point of error is overruled.

By his first point of error Appellant urges that the trial court erred in refusing to submit a charge to the jury concerning the lesser included offense of sexual as-

sault. A defendant is not entitled to a charge concerning a lesser included offense unless there is some evidence in the record that if he is guilty, he is guilty of only the lesser included offense. *Moreno v. State,* 721 S.W.2d 295 (Tex.Crim.App.1986).

Appellant's testimony was that he had sex with Mrs. N. with her consent. We find no evidence in the record that Appellant committed the offense of sexual assault and not aggravated sexual assault. Appellant's first point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.