Mario FRAGA, Appellant,

v.

STATE of Texas, Appellee.

No. 04–95–00370–CR.

Court of Appeals of Texas,
San Antonio.

Feb. 12, 1997.

Discretionary Review Refused
May 21, 1997.

Richard E. Langlois, Law Offices of Richard E. Langlois, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and RICKHOFF and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Mario Fraga was charged with and convicted of the aggravated kidnaping and aggravated sexual assault of Agnes Garcia. The jury assessed the maximum sentence on each charge—twenty years in prison on the aggravated kidnaping charge and life in prison on the aggravated sexual assault charge. Fraga, who testified at trial that the conduct at issue was consensual, appeals, claiming the trial court erred in failing to charge the jury on the lesser included offenses of kidnaping and sexual assault and in permitting evidence of a stolen vehicle to be introduced during the punishment phase. We disagree and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On New Year's Eve 1993, according to Kavona James and Agnes Garcia, they were walking to Agnes' boyfriend's house when four men in a tan Jeep pulled up and asked if they wanted a ride. The two women refused the offer, and the men left. A few minutes later, however, the Jeep returned. This time, Mario Fraga, armed with a handgun, got out of the Jeep and ordered the women to get into the Jeep or he would kill them. Ultimately, according to James and Garcia, they were taken to an abandoned trailer where they were raped vaginally, orally, and anally by each of the four men for the next five hours.

Fraga and his co-defendant, Javier Gaitan, disputed James' and Garcia's version of the events. According to Fraga and Gaitan, the two women voluntarily accompanied the four men to the abandoned trailer and, once there, engaged in consensual sex with their two friends, Roy and Jesse. Both Fraga and Gaitan testified that none of the men were armed, and no force was used. The jury apparently believed James and Garcia, finding Fraga guilty of aggravated kidnaping and aggravated sexual assault and assessing the maximum punishment of twenty years in prison for aggravated kidnaping and life in prison for aggravated sexual assault. Fraga timely appealed.

### LESSER INCLUDED OFFENSE CHARGES

In his first two points of error, Fraga contends the trial court erred in refusing to charge the jury on the lesser included offenses of kidnaping and sexual assault. We disagree.

■ A defendant is entitled to an instruction on a lesser-included offense if "1) the lesser included offense [is] included within the proof necessary to establish the offense charged, and 2) *some evidence* [exists] in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Bignall v. State,* 887 S.W.2d 21, 23 (Tex.Crim.App. 1994).

The State concedes that kidnaping is a lesser included offense of aggravated kidnaping, and sexual assault is a lesser included offense of aggravated sexual assault. *Ramos v. State,* 865 S.W.2d 463, 465 (Tex.Crim.App. 1993) (sexual assault); *Rogers v. State,* 687 S.W.2d 337, 344 (Tex.Crim.App.1985) (kidnaping). "The issue is, therefore, whether *any evidence* exists in the record that would permit a rational jury to find that the defendant is guilty only of" the lesser offenses. *Bignall,* 887 S.W.2d at 23. Fraga argues that there is such evidence, specifically his testimony, as well as that of Gaitan, to the effect that James and Garcia's conduct in

entering the Jeep and in engaging in sexual relations with Roy and Jesse was consensual, no gun or force was used or exhibited, and no gun was found in the ensuing investigation of the incident. We disagree.

 When the defendant denies commission of any offense and, therefore, presents no evidence establishing commission of a lesser included offense, he is not entitled to a charge on the lesser offense. *Hackbarth v. State*, 617 S.W.2d 944, 947 (Tex.Crim.App. 1981); *Broadway v. State*, 732 S.W.2d 93, 95 (Tex.App.—Beaumont 1987, no pet.); *Brooks v. State*, 690 S.W.2d 61, 63 (Tex.App.—Houston [14th Dist.] 1985, no pet.); *Johnson v. State*, 665 S.W.2d 554, 557 (Tex.App.—Houston [1st Dist.] 1984, no pet.). That is the case here. As in *Hackbarth, Broadway, Brooks,* and *Johnson,* the State's evidence establishes commission of the charged offenses. And, like the defendants in these cases, Fraga did not admit that he committed the lesser offenses of kidnaping and sexual assault. Rather, like those defendants, Fraga denied commission of any offense and, in accordance with this defensive theory, presented no evidence suggesting that if he was guilty of anything, it was only of the lesser offenses. Accordingly, the trial court did not err in refusing Fraga's requested instructions on the lesser included offenses. Fraga's first two points of error are therefore overruled.

### EXTRANEOUS OFFENSE

In his third point of error, Fraga argues that the trial court erred in admitting evidence of an extraneous offense during the punishment phase. The State counters that the complaint has been waived or, alternatively, the admission of the evidence was harmless beyond a reasonable doubt. We agree with the State in both respects.

During the punishment phase, John Hearn, an officer with the City of San Antonio Police Department, testified that Fraga and Gaitan were detained when they exited a stolen blue Jeep Cherokee. Counsel for Fraga and Gaitan objected to this testimony on the grounds that "[i]t doesn't involve the traits in issue here" and because it was not offered to prove "motive, intent, preparation,

plan any of those enumerated." The State responded that the evidence was offered under article 37.07 of the Texas Code of Criminal Procedure, as amended following the decision in *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992). Defense counsel offered no response to the State's explanation of its proffer, and the trial court overruled the objections.

 On appeal, Fraga argues that Officer Hearn's testimony was inadmissible under article 37.07(3)(a) of the Texas Code of Criminal Procedure because the State failed to prove beyond a reasonable doubt that Fraga "was involved in stealing the vehicle." As the State suggests, however, this complaint varies from the objection at trial and is, therefore, waived. *E.g., Allridge v. State*, 762 S.W.2d 146, 157 (Tex.Crim.App.1988). We further note that whether the evidence establishes the extraneous bad act beyond a reasonable doubt is a question of fact for the jury, not a preliminary question of admissibility for the trial court, and the jury in this case was properly instructed in this regard. *See Mitchell v. State*, 931 S.W.2d 950, 953 (Tex.Crim.App.1996). Finally, we agree with the State that the error, if any, was harmless beyond a reasonable doubt in light of the following evidence also introduced at the punishment phase:

▶ Garcia's and James' testimony regarding the impact the kidnaping and rape had on their lives;

▶ Christina Garcia's testimony that, on December 29, 1993, when she was twelve years old, she also accepted a ride from Fraga and, like Garcia and James, was taken to the abandoned trailer and, with a gun at her head, made to perform oral sex on Fraga;

▶ Officer Hearn's testimony that the area around the abandoned trailer was "a confirmed chop shop," at which police found five other stolen vehicles;

▶ Fraga was a member of the Suicidal Locos gang; and

▶ Fraga never admitted to or accepted responsibility for the offenses of which the jury had found him guilty.

We believe it is also significant that Officer Hearn stated on cross-examination that another of Fraga's accomplices confessed to stealing the vehicle, and the State made no mention during closing arguments that Fraga had stolen the vehicle. Under these circumstances, we hold that the error in overruling the objections to Officer Hearn's testimony regarding the stolen vehicle, if any existed and was preserved, was harmless beyond a reasonable doubt under Rule 81(b)(2), TEX.R.APP.P. *See, e.g., Abdnor v. State,* 871 S.W.2d 726, 740 (Tex.Crim.App. 1994). For these reasons, we overrule Fraga's third point of error.

### CONCLUSION

The trial court properly refused Fraga's requested instructions on the lesser included offenses of kidnaping and sexual assault, because Fraga denied commission of any offense at all and, therefore, presented no evidence that if he was guilty, he was guilty only of the lesser offenses. Likewise devoid of merit is Fraga's complaint that the trial court erroneously permitted Officer Hearn to testify regarding the stolen vehicle. We therefore overrule Fraga's points of error and affirm the trial court's judgment.