In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01222-CR

____________


CHIANTI MARCELLA JOHNSON, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 837,864






O P I N I O N

 Appellant was charged with aggravated robbery, enhanced by a prior burglary
of a habitation conviction. The jury found the appellant guilty, the enhancement
allegation true, and assessed punishment at 25 years imprisonment. We affirm.

Background

 On February 27, 2000, the complainant borrowed her parents' car, a black
Oldsmobile. Another car swerved in front of her, and appellant jumped out of the
passenger side. Appellant put a gun to the window and told the complainant, "We
want the car. . . get out of the car." The complainant immediately got out of the car
and called the police. When officers arrived at the scene, the complainant gave a
description of appellant and her parents' Oldsmobile. 

 Two days later, Officer Jason Robles was observing cars for expired
registration and inspection stickers. He ran a license plate check on a black
Oldsmobile, which indicated that the car was stolen. Appellant, the driver, had no
documentation to prove he owned the car. Appellant told the officer that he had
bought the car a few days earlier from a man named LaBrandt. Appellant did not
have a receipt, title to the car, or any way to contact LaBrandt. Appellant was
arrested for unauthorized use of a motor vehicle.

 Shortly thereafter, the complainant identified appellant in a line-up as the man
who pointed a gun at her and stole her parents' car. Appellant then told the police
that he had purchased the car from a man named Byrd, a friend of his cousin, but he
did not know how to contact Byrd or his cousin.


Extraneous Offense

 In his first point of error, appellant contends that the trial court erred in
allowing the State to introduce extraneous offense evidence at the punishment stage
without giving appellant proper notice. 

 Appellant sent a request to the State to provide notice of extraneous offenses
or convictions that the State intended to introduce during trial. At the punishment
stage, appellant urged an oral motion in limine to preclude the State from presenting
evidence of extraneous offenses. Appellant objected under Article 37.07 of the Texas
Code of Criminal Procedure, arguing that the State did not provide proper notice. 
The trial court overruled appellant's motion in limine. During the punishment stage,
the State introduced two exhibits regarding appellant's prior convictions: (1) a
burglary of a habitation and (2) juvenile adjudication of delinquency. When these
exhibits were offered in evidence, appellant asked the trial court to recognize his prior
objection regarding lack of notice. The trial court overruled appellant's objection.

 Code of Criminal Procedure article 37.07 provides that State may offer
evidence of a defendant's prior criminal record during the punishment phase of trial
after a finding of guilty. Tex. Code Crim. Proc. Ann. art. 37.07 § 3 (Vernon Supp.
2002). Section 3(g) requires the State, on timely request, to give the defendant
notice:

 (g) On timely request of the defendant, notice of intent to introduce
evidence under this article shall be given in the same manner required
by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney
representing the State intends to introduce an extraneous crime or bad
act that has not resulted in a final conviction in a court of record or a
probated or suspended sentence, notice of that intent is reasonable only
if the notice includes the date on which and the county in which the
alleged crime or bad act occurred and the name of the alleged victim of
the crime or bad act. The requirement under this subsection that the
attorney representing the State give notice applies only if the defendant
makes a timely request to the attorney representing the State for the
notice.

Tex. Code Crim. Proc. Ann. art. 37.07 § 3(g) (Vernon Supp. 2002).


 Burglary of a Habitation


 The enhancement paragraph of the indictment specifically alleged appellant's
prior burglary of a habitation conviction by date, cause number, court, county, state,
and offense. No motion to quash was filed. An enhancement paragraph provides the
defendant with written notice of the prior conviction on which the State will rely to
enhance his punishment. Coleman v. State, 577 S.W.2d 486, 488 (Tex. Crim. App.
1979). Based on the indictment, we hold that appellant had sufficient written notice
that the State would rely on the prior burglary of a habitation conviction to enhance
punishment.

 Appellant cites Buchanan v. State, 911 S.W.2d 11, 13 (Tex. Crim. App. 1995),
for the proposition that the State's "open file policy" is not sufficient to satisfy notice
requirements. In Buchanan, the State introduced extraneous evidence during its case
in chief, whereas here, the evidence was introduced during the punishment stage. 
Moreover, we do not agree with appellant's contention that the indictment's
enhancement paragraph in this case is identical to Buchanan's open file policy of
disclosing an offense report. Thus, Buchanan is distinguishable.


 Juvenile Adjudication of Delinquency


 The record does not indicate that the State gave appellant notice of its intent
to introduce evidence at the punishment stage of appellant's juvenile delinquency
adjudication. The State argues that appellant did not object to the same evidence
presented through cross-examination of his stepfather. Appellant's stepfather
testified as follows:

 Q. Were you around when [appellant] was in juvenile trouble?

 A. Yes, I was. Q. Did you try to control him then?

 A. Yes, I did.

 Q. Couldn't do it, could you?

 A. No.

 Q. And actually the Judge had to send him to the Texas Youth
Commission. They tried to control him, didn't they?

 A. Yes, they did.

 Q. Couldn't do it, could they?

 A. No.

 Q. Then a Judge in this Court, 208th District Court, Judge Collins, put
him on probation for burglary of a habitation, right? . . . And, again,
[appellant] let that Judge down, right?

 A. Yes.

 Q. [Appellant] went to T.D.C. Then somebody let him out and he is
back in our community, correct?

 A. That's true. 

 To preserve error, a party must object every time allegedly inadmissible
testimony is offered. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App.
1991). Any error in the admission of evidence is cured when the same evidence
comes in elsewhere without objection. Id. Appellant did not object when his
stepfather testified that appellant was in "juvenile trouble" and "the Judge had to send
[appellant] to the Texas Youth Commission." 

 The stepfather's testimony merely referenced a juvenile conviction. In
contrast, the State's exhibit outlined the specific offenses: (1) a juvenile probation for
burglary of a habitation and (2) a revocation of the juvenile probation for committing
assault and carrying a weapon. These specifics were not admitted through the
stepfather's testimony. Nor were they admitted elsewhere during the punishment
phase. The admission of the stepfather's testimony without objection did not cure
any error in the State's failure to give notice of its intent to introduce the specifics
surrounding appellant's juvenile conviction. We conclude that the trial court
erroneously admitted the State's exhibit regarding appellant's juvenile delinquency
adjudication.

 We must determine whether such error was harmless. The erroneous admission
of an extraneous offense does not constitute constitutional error. See Avila v. State,
18 S.W.3d 736, 741-42 (Tex. App.--San Antonio 2000, no pet.). Texas Rule of
Appellate Procedure 44.2(b) provides that any error, other than constitutional error,
"that does not affect substantial rights must be disregarded." Tex. R. App. P. 44.2(b). 
In other words, we disregard the erroneous admission of evidence if it did not
adversely affect the jury's verdict, or had only a slight effect on the jury's verdict. 
See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 

 The trial court's charge on punishment instructed the jury as follows: 

 If you find the allegations in the enhancement paragraph of the
indictment are true, you will assess the punishment of the defendant at
confinement . . . for not less than fifteen years nor more than ninety-nine
years or life. In addition thereto, you may assess a fine not to exceed
$10,000.00.


 If you find the allegations in the enhancement paragraph of the
indictment are not true, you will assess the punishment of the defendant
at confinement . . . for not less than five years nor more than ninety-nine
years or life. In addition thereto, you may assess a fine not to exceed
$10,000.00.

 If the jury found the enhancement true, the punishment range was 15 to 99
years. If the jury found the enhancement not true, the punishment range was 5 to 99
years. During closing argument, appellant's attorney requested the jury to assess the
minimum punishment of 15 years--the minimum considering the enhancement true. 
The State requested "at least 30 years." The jury assessed 25 years. The jury had
already found appellant guilty of aggravated robbery during the guilt/innocence stage. 
During the punishment stage, the jury properly considered the enhancement based on
appellant's prior burglary of a habitation conviction. Additionally, the jury heard the
stepfather's reference, without objection, to appellant's juvenile conviction. The 25-year punishment assessed was at the lower end of the range. We hold that any error
during the punishment stage in admitting the State's exhibit containing the specifics
of the juvenile offense was harmless. See Tex. R. App. P. 44.2(b). 

 We overrule the first point of error.

Lesser-Included Offense

 In his second point of error, appellant contends that the trial court erred in
failing to instruct the jury on the lesser-included offense of unauthorized use of a
motor vehicle. 

 To determine whether appellant was entitled to a charge on the lesser-included
offense, we apply a two-prong test. See Bignall v. State, 887 S.W.2d 21, 23 (Tex.
Crim. App. 1994); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.
1993). First, the lesser-included offense must be included within the proof necessary
to establish the offense charged. Bignall, 887 S.W.2d at 23. Second, some evidence
must exist in the record that would permit a jury rationally to find that if the
defendant is guilty, he is guilty only of the lesser offense. Id. If any evidence raises
the issue that the defendant was guilty only of the lesser offense, then the charge must
be given. Saunders v. State, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992).

 Regarding the first prong, this Court has held that unauthorized use of a motor
vehicle may be a lesser-included offense of aggravated robbery. Teague v. State, 789
S.W.2d 380, 382 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd) (citing Griffin v.
State, 614 S.W.2d 155, 158 n.4 (Tex. Crim. App. 1981)). Turning to the second
prong, the lesser-included offense charge is required if some evidence exists in the
record that would permit a jury rationally to find that if a defendant is guilty, he is
guilty only of the lesser offense. Bignall, 887 S.W.2d at 23. Stated in the reverse, the
lesser-included offense charge is not required if "a defendant either presents evidence
that he committed no offense or presents no evidence, and there is no evidence
otherwise showing he is guilty only of a lesser-included offense." Bignall, 887
S.W.2d at 23 (emphasis added). The key word is "only." Just because, for example,
a defendant participating in a high speed police pursuit runs a red light, does not
entitle him to a charge on the lesser-included offense of a traffic violation. 
Accordingly, we must determine if there was some evidence in this record that would
permit a jury rationally to find that if appellant is guilty, he is guilty only of
unauthorized use of a motor vehicle. 

 A person is guilty of unauthorized use of a motor vehicle if he intentionally or
knowingly operates another's vehicle without the effective consent of the owner. 
Tex. Penal Code Ann. § 31.07 (Vernon 1994). A person is guilty of aggravated
robbery if he commits robbery and he: (1) causes serious bodily injury to another; or
(2) uses or exhibits a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(1), (2)
(Vernon 1994). (1) 

 There was never any question in this trial that appellant used the vehicle
without authorization from the complainant. His entire defense was that he lawfully
bought the car. Originally, appellant told police that he had bought the car from a
man named LaBrandt. He later told police that he had purchased the car from a man
named Byrd. Appellant's defense was that he did not commit a crime at all. 

 "When the defendant denies commission of any offense and, therefore, presents
no evidence establishing commission of a lesser-included offense, he is not entitled
to a charge on the lesser offense." Fraga v. State, 940 S.W.2d 736, 738 (Tex.
App.--San Antonio 1997, pet. ref'd) (citing Hackbarth v. State, 617 S.W.2d 944, 947
(Tex. Crim. App. 1981)); see also In re V.M.D., 974 S.W.2d 332, 349 (Tex.
App.--San Antonio 1998, no pet.); Broadway v. State, 732 S.W.2d 93, 95 (Tex.
App.--Beaumont 1987, no pet.); Brooks v. State, 690 S.W.2d 61, 63 (Tex.
App.--Houston [14th Dist.] 1985, no pet.); Johnson v. State, 665 S.W.2d 554, 557
(Tex. App.--Houston [1st Dist.] 1984, no pet.). 

 As in Fraga, Hackbarth, Broadway, Brooks, and Johnson, the appellant here
denied the commission of any offense. In accordance with his defensive theory,
appellant presented no evidence suggesting that, if he was guilty of anything, it was
only of the lesser offense of unauthorized use of a motor vehicle. Just because a jury
may choose to disbelieve his story does not, of itself, create a right to a lesser-included-offense charge. To hold otherwise is tantamount to consideration of
"evidence" outside the record.

 The State's evidence supported the finding of guilt for the charged offense of
aggravated robbery. With regard to unauthorized use of a motor vehicle, it is true that
appellant was found operating the vehicle and that he did not have the owner's
consent to do so. In light of appellant's denial of any offense, however, those facts
do not support the conclusion that, if appellant was guilty of an offense, he was guilty
only of unauthorized use of a motor vehicle. 

 The dissent contends that the complainant's testimony that she had not given
appellant consent to operate her car, by itself, is sufficient to support unauthorized use
of a motor vehicle. We disagree because the complainant also testified that appellant
put a gun to her car window and told her, "We want the car. . . get out of the car." 
The complainant's testimony, therefore, is not some evidence that appellant is guilty
only of unauthorized use of a motor vehicle. (2) 

 Moreover, the dissent contends that the jury may have disbelieved: (1)
appellant's statement that he purchased the vehicle and (2) the complainant's
identification of appellant. The dissent argues that, if the jury disbelieved both of
these testimonies, the jury may have concluded that appellant intentionally or
knowingly drove the stolen car. The dissent's reliance on the jury's disbelief makes
a leap by creating "evidence" that is not in this record. In Bignall, the Court of
Criminal Appeals held, "[I]t is not enough that the jury may disbelieve crucial
evidence pertaining to the greater offense; there must be some evidence directly
germane to a lesser-included offense for the factfinder to consider before an
instruction on a lesser-included offense is warranted." Bignall, 887 S.W.2d at 24. 
There is no direct evidence that appellant intentionally or knowingly operated
another's vehicle without the effective consent of the owner so that appellant is guilty
only of the lesser-included offense of unauthorized use of a motor vehicle.

 To require a lesser-included-offense charge in this case would be to require one
in every case in which a lesser-included offense is merely possible. We decline to
establish such a broad rule. The trial court did not err in refusing to instruct the jury
on the lesser-included offense.

 We overrule the second point of error.

Conclusion

 We affirm the judgment of the trial court.


 Adele Hedges

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.

Justice Mirabal dissenting.

Publish. Tex. R. App. P. 47.4.
1. A person is guilty of robbery if, in the course of committing theft and with
intent to obtain or maintain control of the property, he: (1) intentionally,
knowingly, or recklessly causes bodily injury to another; or (2) intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death. Tex. Penal Code Ann. § 29.02(a) (Vernon 1994). 
2. By contrast, hypothetically, if there had been evidence that appellant knew the
car was stolen, but appellant did not commit aggravated robbery, then he
would have been entitled to an unauthorized use of a motor vehicle charge.