NUMBER 13-06-220-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


JEROME WILLIAMS A/K/A Appellant,

ED WILLIAMS


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 421st District Court 

of Caldwell County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez, Justices Benavides and Vela


Memorandum Opinion by Justice Vela



 Appellant, Jerome Williams a/k/a Ed Williams, was charged in a two-count
indictment for the aggravated kidnapping of Tracy Nieto (Count 1) and the aggravated
kidnapping of Chrystal Gonzales (Count 2). A jury convicted him on both counts and
assessed punishment at twenty years' confinement, plus a $10,000 fine on the first
count, and fifty years' confinement, plus a $10,000 fine on the second. By one issue,
appellant argues that the trial court erred by refusing to charge the jury with the
lesser-included offense of unlawful restraint. We affirm.

BACKGROUND 

 Tracy Nieto and Chrystal Gonzales testified that on May 17, 2005, they, along
with George Williams (hereafter "Williams"), Damoine King, and appellant, were
outside Williams's house in Luling, Texas. Williams and Nieto were arguing about
stolen drugs or money. The group went inside the house where appellant grabbed a
gun and gave it to Williams. Williams waved the gun around and put it to Nieto's
forehead while appellant and King told Williams that he needed to make an example
out of Nieto. They then went outside the house, and appellant told Williams to put
Nieto and Gonzales in the trunk of Williams's car. Williams told Nieto and Gonzales
to get in the trunk. Both Wiliams and appellant alternatively had possession of the gun
while locking Nieto and Gonzales in the trunk. Appellant locked them inside. While
in the trunk, Nieto and Gonzales heard the three men discussing where to take them,
what to do with them, and what to do with Nieto's vehicle in order to dispose of the
evidence.

 The men finally released Nieto so that she could retrieve the money or drugs
that Williams had previously accused her of taking. Gonzales remained in the custody
of the three men as a guarantee that Nieto would return. Nieto, however, called the
police.


GOVERNING LAW

 By a single issue, appellant contends that the trial court erred by refusing to
instruct the jury on the lesser-included offense of unlawful restraint. Courts apply a
two-step test when assessing whether to give a charge on a lesser-included offense. 
Pickens v. State, 165 S.W.3d 675, 679 (Tex. Crim. App. 2005). In Hall v. State, No.
PD-1594-02, 2007 WL 1343110, at *8-9 (Tex. Crim. App. May 9, 2007), the court
stated:

 The first step in the lesser-included-offense analysis, determining
whether an offense is a lesser-included offense of the alleged offense, is
a question of law. It does not depend on the evidence to be produced at
the trial. It may be, and to provide notice to the defendant must be,
capable of being performed before trial by comparing the elements of the
offense as they are alleged in the indictment or information with the
elements of the potential lesser-included offense.


 The evidence adduced at trial should remain an important part of
the court's decision whether to charge the jury on lesser-included
offenses. The second step in the analysis should ask whether there is
evidence that supports giving the instruction to the jury. "A defendant
is entitled to an instruction on a lesser-included offense where the proof
for the offense charged includes the proof necessary to establish the
lesser-included offense and there is some evidence in the record that
would permit a jury rationally to find that if the defendant is guilty, he is
guilty only of the lesser-included offense." In this step of the analysis,
anything more than a scintilla of evidence may be sufficient to entitle a
defendant to a lesser charge. In other words, the evidence must
establish the lesser-included offense as "a valid, rational alternative to the
charged offense."

Id. (citations omitted).

ANALYSIS

 Applying the first step of the lesser included-offense analysis to this case, we
do not consider the evidence that was presented at trial. See id. at *9. Instead, we
consider only the statutory elements of aggravated kidnapping as they were modified
by the particular allegations in the indictment. Id. Aggravated kidnapping, as alleged
in this case, occurs when the actor "intentionally or knowingly abducts another person
with the intent to: . . . inflict bodily injury on him . . . ." Tex. Penal Code Ann. §
20.04(a)(4) (Vernon 2003). Count 1 of the indictment stated, in relevant part:

 Jerome Williams a/k/a Ed Williams, hereinafter styled Defendant,
on or about May 17, 2005, and before the presentment of this
indictment, in the County and State aforesaid, did then and there
intentionally and knowingly abduct another person, to-wit: Traci Neito,
and said Defendant did then and there use or exhibit a deadly weapon,
to-wit: a firearm . . . .


Count 2 of the indictment is worded the same as Count 1 except that Count 2 names
Chrystal Gonzales.

 Next, we compare the statutory elements of aggravated kidnapping with the
elements of the lesser offense of unlawful restraint that could be included in charged
offenses of aggravated kidnapping. Hall, 2007 WL 1343110, at *9. A person
commits the offense of unlawful restraint if he or she "intentionally or knowingly
restrains another person." Tex. Penal Code Ann. § 20.02(a). Our final task in
analyzing the first step is to ask the question that article 37.09(1) of the Texas Code
of Criminal Procedure poses: are the elements of the lesser offense "established by
proof of the same or less than all the facts required to establish the commission of the
offense charged?" Hall, 2007 WL 1343110, at *9. The answer is yes. Aggravated
kidnapping is accomplished by abduction, which includes restraint. See Tex. Penal
Code Ann. § 20.01(2) (Vernon Supp. 2006). Unlawful restraint is committed by
restraint only. Consequently, unlawful restraint is a lesser-included offense of
aggravated kidnapping. See Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App.
1996).

 Applying the second step of the lesser-included offense analysis to this case,
we ask whether there is evidence that supports giving the instruction to the jury. Hall,
2007 WL 1343110, at *9. 

 We conclude that the trial court did not err in denying the request for a
lesser-included offense jury instruction for two related reasons. First, Texas case law
states that a person is not entitled to a lesser-included offense charge if he or she
simply denies the allegations altogether. Second, there is no evidence that if appellant
is guilty of anything, it is only of the lesser offense.

I. Appellant did not offer any evidence validating the commission of the lesser offense 
 of unlawful restraint.


 A defendant is entitled to a charge of a lesser-included offense if there is some
evidence offered in the record establishing guilt of only the lesser offense. Id. 
However, when a defendant altogether denies the allegations for which he is charged
and submits no evidence of the commission of the lesser crime, he is not allowed the
inclusion of the lesser-included offense in the jury instruction. Fraga v. State, 940
S.W.2d 736, 738 (Tex. App.San Antonio 1997, pet. ref'd); see also Broadway v.
State, 732 S.W.2d 93, 95 (Tex. App.Beaumont 1987, no pet.); Brooks v. State, 690
S.W.2d 61, 63 (Tex. App.Houston [14th Dist.] 1985, no pet.); Johnson v. State,
665 S.W.2d 554, 557 (Tex. App.Houston [14th Dist.] 1984, no pet.).

 In this case, appellant denied any involvement in the aggravated kidnapping of
Nieto and Gonzales. All other evidence proffered at trial was consistent,
uncontradicted, and supported the indictment for aggravated kidnapping. At no time
during the trial did appellant present evidence that would support a guilty verdict of
only unlawful restraint. Because appellant simply denied the aggravated kidnapping
charges and offered no evidence of the lesser offense of unlawful restraint, he is not
entitled to a lesser-included offense jury instruction.

II. The evidence did not show that if appellant was guilty of anything, he was only 
 guilty of the lesser offense.


 As stated in the Hall test above, appellant is entitled to a lesser-included offense
jury instruction as long as there is some evidence that if he is guilty of any offense,
he is only guilty of the lesser one. Hall, 2007 WL 1343110, at *9. There are two
possibilities for the evidence to show that the lesser offense is the only one applicable
to the defendant: 1) there may be evidence which refutes or negates other evidence
establishing the greater offense, or 2) there may be evidence presented that is subject
to at least two different interpretations. Saunders v. State, 840 S.W.2d 390, 391-92
(Tex. Crim. App. 1992). "[F]or the trial court to have erred, there must be some
evidence directly germane to an unlawful restraint offense for such an instruction to
be warranted." Anderson v. State, 125 S.W.3d 729, 731 (Tex. App.Texarkana
2003, no pet.). Specifically, there would have to be some evidence that the victims
were not actually abducted or that there was no use or threat of deadly force.

 

 A. Abduction

 There was no evidence adduced at trial contrary to the requisite abduction
element to mitigate the crime to unlawful restraint. The greatest difference between
unlawful restraint and aggravated kidnapping is whether the victim was "abducted":
restrained with the intent to prevent the victim's liberation by secreting or holding her
in a place not likely to be found, or using or threatening to use deadly force. Tex.
Penal Code Ann. § 20.01(2)(a)(b) (Vernon Supp. 2006). 

 Appellant argues that there are at least two different interpretations of the type
of restraint employed during the commission of the crime. He asserts that a juror
could reasonably believe that Nieto and Gonzales were simply "restrained" (1) and not
"abducted" because the prosecution did not specify the particular event which
constituted the abduction (e.g., Nieto and Gonzales inside the house with the gun
present or in the trunk of the car). This assertion, however, is inaccurate. The
prosecution outlined that the abduction (here, both a secretion and threat of deadly
force) occurred when the three men locked Nieto and Gonzales in the trunk of the car
with the gun still present. Moreover, locking a person in the trunk of a car would
suffice as a secretion or holding in a place not likely to be found. See Mason v. State,
905 S.W.2d 570, 575 (Tex. Crim. App. 1995). At minimum, the State met its burden
without contradiction.

 As stated above, there must be some evidence pointedly relevant to the offense
of unlawful restraint for a jury charge to be submitted on a lesser-included offense. 
Anderson, 125 S.W.3d at 731. It is not sufficient that the jury may disbelieve or
doubt critical evidence regarding the greater offense of aggravated kidnapping. Id. 
Because there is no evidence offered in the record to negate, refute, or assert varying
interpretations of the facts surrounding the secretion or holding of Nieto and Gonzales,
we must reject appellant's contention that the jury could have found mere restraint
instead of abduction.

 B. Exhibition of Deadly Weapon

 There was no evidence presented at trial to refute the fact that appellant had
possession of the gun and exhibited it. A required element of aggravated kidnapping
is the use or exhibition of a deadly weapon during the commission of the offense. 
Tex. Penal Code Ann. § 20.04(b) (Vernon 2003). A gun is per se a deadly weapon. 
Tex. Penal Code Ann. § 1.07(a)(17)(A) (Vernon 2003); see also Walker v. State, 543
S.W.2d 634, 637 (Tex. Crim. App. 1976) (holding that a gun was still a deadly
weapon under the statute, even though missing a firing pin and without a clip).

 Appellant argues that the gun was missing its clip-though it still had a bullet in
the chamber-and was therefore no longer a deadly weapon. Appellant further posits
that the exhibition of the gun could simply have been to instill fear in Nieto and
Gonzales as a means of securing the return of the stolen drugs or money, not as a tool
of the abduction. Along that line of reasoning, appellant puts forward an alternative
theory that Nieto and Gonzales were restrained by the men's anger over the stolen
items. Offered as evidence negating or refuting other evidence establishing the greater
offense, appellant asserts that while Nieto was on the stand, she failed to place the
gun outside of the house just before being locked in the trunk. 

 These suppositions, while possibly valid at trial, are inadequate here. First,
though the gun was missing its clip, the bullet lodged in the chamber still serves to
make it a deadly weapon, especially when put to Nieto's forehead. More so, unrefuted
evidence at trial indicated that Nieto and Gonzales would not have been able to tell
that the clip was missing. The gun remained a deadly weapon. 

 Second, varying interpretations presented by appellant are not viable because
there is no evidence from any source in the record substantiating the claims. This
appeal is the first time appellant presented alternative theories of the crime. However,
the second prong of the Hall test requires that there must be some evidence to indicate
the defendant is guilty of only the lesser offense. Hall, 2007 WL 1343110, at *9. 
Similar to the reasoning in Section I.A., because appellant did not bring these varying
interpretations to the fore during the trial, there is no evidence now to make these
alternatives viable. 

 Lastly, appellant mistakenly claims a contradiction in the testimonies of Nieto
and Gonzales. Both victims testified that the gun was present inside and outside the
house and that it was in appellant's possession at various times throughout the
kidnapping. Again, because there is no other evidence to negate the corresponding
testimony because appellant denied the charges entirely, there is no way to establish
that if he is guilty at all, it is only of the lesser offense.


CONCLUSION

 Appellant is not entitled to a jury instruction on the lesser-included offense of
unlawful restraint because 1) he did not answer the aggravated kidnapping charges in
any way other than to deny them altogether, and 2) his arguments at trial and in his
brief fail to establish any evidence that would negate, refute, or assert varying
interpretations of the crime. If, at trial, appellant had presented evidence that Nieto
and Gonzales were not in fact abducted or the gun was not in fact present during the
abduction, he may have had sufficient evidence entitling him to a lesser-included
offense jury charge. Because the trial court did not err, there is no harm to assess. 

 The judgment of the trial court is affirmed. 


 

 ROSE VELA

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of July, 2007.

1. "'Restrain' means to restrict a person's movements without consent, so as to interfere substantially with
the person's liberty, by moving the person from one place to another or by confining the person." Tex. Penal Code
Ann. § 20.01(1) (Vernon Supp. 2006).