Affirmed and Memorandum Opinion
filed December 3, 2009

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-00820-CR



Lamonn Eugene
Blunt, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 185th District Court

Harris County, Texas

Trial Court
Cause No. 1132233



 

M E M O R A N D U M    O P I N I
O N 

Appellant, Lamonn Eugene Blunt, was convicted of
capital murder and sentenced to life in prison.  On appeal, he contends that the
trial court erred in failing to charge the jury on the lesser-included offense
of kidnapping.  Finding no error, we affirm.

Background[1]

On August 31, 2007, appellant and his brother,
Dewayne Treadwell, drove from Louisiana to Houston to purchase a large amount
of illegal narcotics, approximately 5,000 ecstasy pills.  Treadwell and an
acquaintance, Joshua Donahue, traveled in Treadwell’s truck; appellant followed
in a separate vehicle.  On the way to Houston, Donahue called his wife, Angela
Bolton, and asked her to find a dealer who could supply a large amount of
ecstasy pills to appellant and his brother.  Donahue’s wife complied and
contacted Aaron Daniels, the complainant, who located a dealer.  The
complainant set up a drug transaction between the dealer and appellant and his
brother and instructed them to meet the dealer in a Houston parking lot. 
Appellant, Treadwell, Donahue, and Donahue’s wife drove to the agreed-upon
location and met the dealer, who was sitting in a car with other passengers.  Donahue’s
wife initiated the exchange by taking appellant’s and Treadwell’s money to the
dealer’s vehicle.  The dealer, however, did not complete the exchange: he took
the cash, kept the drugs, and drove away.

Thereafter, appellant and Treadwell attempted to
recover their stolen money.  Suspecting Donahue and his wife, appellant and
Treadwell drove the couple to a dark isolated road and forced them to disrobe. 
After searching Donahue and his wife and realizing that they did not have the
cash, appellant and Treadwell focused their attention on the complainant.  Appellant
and Treadwell, along with Donahue and his wife, drove to the complainant’s
house.  The complainant exited his house and spoke with appellant and
Treadwell.  Treadwell then forced the complainant at gun point into Treadwell’s
vehicle.  Treadwell drove the complainant to the same location where Donahue
and his wife were forced earlier to disrobe.  Appellant followed in his
vehicle.  When Treadwell stopped his truck on the side of the road, he forced
the complainant out of the vehicle.  Appellant then retrieved the gun from his
brother, threatened the complainant, and struck him with the gun.  The
complainant attempted to escape, but appellant chased the complainant and fired
shots at him as he fled.  Hours later, appellant and Treadwell returned to
Louisiana.  

The complainant’s body was later discovered by a
bystander, prompting a police investigation into the complainant’s death.  During
the investigation, Bolton and Donahue cooperated with police and described the
events on the night of the murder.  Officers later arrested appellant and his
brother in Louisiana and discovered the murder weapon in appellant’s home.  Appellant
and Treadwell were ultimately charged with the capital murder of the complainant. 
 Appellant pleaded not guilty, and his case was tried to a jury.  Appellant was
convicted of capital murder as alleged in the indictment and sentenced to life
in prison.  On appeal he raises one issue:  the trial court erred by failing to
charge the jury on the lesser-included offense of kidnapping.  

ANALYSIS

            In
his sole issue, appellant complains that the trial court should have instructed
the jury on the lesser-included offense of kidnapping.  Because appellant made
no request in the trial court that the jury be instructed on the lesser-included
offense of kidnapping, any charge error is reversible only if egregious harm is
shown.  Druery v. State, 225 S.W.3d 491, 504 (Tex. Crim. App. 2007); Sansom
v. State, 292 S.W.3d 112, 125 (Tex. App.—Houston [14th Dist.] 2008, pet.
ref’d).  Errors that result in egregious harm are those affecting the “very
basis of the case, those depriving the defendant of a valuable right, or those
that vitally affect a defensive theory.”  Druery, 225 S.W.3d at 504 (quotations
and citations omitted).  Appellant contends that the trial court’s failure to
include the instruction caused him egregious harm because he was convicted of
capital murder and received a harsh sentence.  The State, in response, insists
that appellant is estopped from raising this complaint because he invited this
particular error by objecting “to the trial court’s inclusion of kidnapping in
the charge.”  

            The
law of invited error estops a party from making an appellate error of an action
he induced.  Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999);
Huffman v. State, 234 S.W.3d 185, 198 (Tex. App.—San Antonio 2007, pet.
dism’d).  Under the rule, “if a party affirmatively seeks action by the trial
court, that party cannot later contend that the action was error.”  Druery,
225 S.W.3d at 505–06; Prystash, 3 S.W.3d at 531.  The State relies on the
following exchange to support its contention that appellant requested the
lesser-included offense of kidnapping be excluded from the charge, thereby
estopping him from challenging the trial court’s exclusion on appeal:

The Court:     Okay. 
We’ve been discussing the charge for an hour now.  And [the State], you’ve had
an opportunity to review the Court’s charge.

The State:      Yes, Judge.

The Court:     Any objections or requested additions?

The State:      None.

The Court:     Defense?

.              .            
 .

Defense
Counsel:     Your Honor, I object to any submission on the capital murder
issues as there was no evidence or even a scintilla of evidence to indicate
that my client participated in the kidnapping.

            In
the above exchange, defense counsel was objecting to the inclusion of an
instruction on capital murder, not kidnapping, because he
believed that there was insufficient evidence on the underlying capital offense
of kidnapping.  Contrary to the State’s argument, appellant did not object to
the inclusion of the lesser-included offense of kidnapping.  Rather, appellant
argued that the jury should not have been instructed on capital murder, namely,
“[a] person commits the offense of capital murder if he intentionally commits
murder, as hereinbefore defined, in the course of committing or attempting to
commit the offense of kidnapping,” because there was insufficient evidence on
the lesser offense of kidnapping to support the greater offense of capital
murder.  We reject the State’s interpretation of appellant’s objection challenging
the charge below in the trial court, and find that appellant did not invite
error.   

            Nevertheless,
we conclude that the trial court’s failure to include a kidnapping instruction was
not error.  An instruction on a lesser-included offense is proper when:  (1)
the lesser-included offense is included within the proof necessary to establish
the offense charged; and (2) there is some evidence in the record that would
permit a jury to rationally find that if the defendant is guilty, he is guilty
only of the lesser offense.  Salinas v. State, 163 S.W.3d 734, 741 (Tex.
Crim. App. 2005); Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim.
App. 1993); see also Tex. Code Crim. Proc. art. 37.09(1).  Kidnapping is
necessarily a lesser-included offense of the capital murder charge against
appellant.  See Tex. Penal Code § 19.03(a)(2).  Therefore, the issue is
whether there is some evidence that appellant is not guilty of capital murder
and guilty only of kidnapping.  A person commits the offense of kidnapping if
he intentionally or knowingly abducts another person.  Id. § 20.03(a). 
The term “abduct” means to restrain a person with the intent to prevent his
liberation by: (1) secreting or holding him in a place where he is not likely
to be found; or (2) using or threatening to use deadly force.  Id. §
20.01(2).   

            Appellant
argues that his second statement to police provides some evidence that he did
not intend, and indeed did not, shoot the complainant.  Appellant argues that
by presenting evidence contradicting his intent to kill the complainant, he has
presented some evidence that he is guilty of only kidnapping.  Ironically, the
very statement that appellant contends shows him to be guilty of only
kidnapping, actually disputes his involvement in the complainant’s kidnapping. 
By his own statement, appellant adamantly denied any role or participation in
the kidnapping and was a mere observer.  Specifically, appellant stated in his
second statement to the police:

            After we were sure that [Donahue] and his [wife]
did not have the money, we went to [the complainant’s] house and we got him to
come outside.  I stayed in my car, and [my brother] made [the complainant] get
into his Tahoe.  I really do not know if [my brother] used the gun to get him
to get in or not, but I saw them all get back into the Tahoe . . . . [Donahue],
his [wife], my brother . . . and [the complainant] were all in the Tahoe, I was
the only one in my car.  I did not have the gun . . . it was in my brother’s
Tahoe.

            Echoing
his statement, appellant presented a trial defense denying any involvement in
the kidnapping.  Appellant challenged Donahue and his wife’s testimony
identifying appellant as the shooter.  Moreover, appellant objected to the
inclusion of a capital murder instruction, contending there was insufficient
evidence of his participation in the kidnapping.  “When [a] defendant denies
commission of any offense and, therefore, presents no evidence establishing
commission of a lesser-included offense, he is not entitled to a charge on the
lesser offense.”  Johnson v. State, 84 S.W.3d 726, 731 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (quoting Fraga v. State, 940
S.W.2d 736, 738 (Tex. App.—San Antonio 1997, pet. ref’d)).  Here, appellant
denied the commission of any offense.  Moreover, appellant’s second statement
to police denying intent to murder does not translate to or reflect intent solely
to kidnap the complainant.  In accordance with his statement denying he
kidnapped the complainant and his defensive theory at trial, appellant
presented no evidence suggesting that, if he was guilty of anything, it was of only
the lesser offense of kidnapping.  See id.   

            Furthermore,
we must evaluate the evidence in the context of the entire record in reviewing
whether appellant is entitled to the lesser-included instruction.  Moore v.
State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).   The record supports
appellant’s guilt of capital murder.  Specifically, Donahue and his wife
identified appellant as the shooter at trial, and the murder weapon was
recovered from appellant’s house.  In his brief, appellant also acknowledges
that “the evidence, viewed in the light most favorable to the verdict, was
legally and factually sufficient to support a conviction for capital murder.”  While
it is true that appellant denied any intent to kill the complainant in his
second statement to police, the statement is not evidence that he is guilty of only
kidnapping.  The key word here is “only.”  See id. (requiring that the
evidence could acquit the defendant of the greater offense while convicting him
of the lesser included offense); see also Johnson, 84 S.W.3d at
730.  The State proved and appellant concedes that there is sufficient evidence
of capital murder.  Therefore, appellant has failed to identify some evidence that
he is not guilty of capital murder and guilty of only kidnapping.  

            In
light of appellant’s denial of committing any offense and the evidence of guilt
on capital murder, a rational juror could not have found that, if appellant was
guilty of any offense, he was guilty of only kidnapping.  Therefore, the trial
court did not err in denying appellant’s requested charge on the
lesser-included offense of kidnapping.  Appellant’s sole issue is overruled. 
We affirm the trial court’s judgment.

            








                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Because the sufficiency of the evidence is not challenged, we recite only the
facts necessary for disposition of the instant appeal.