Ceslso Moran CAICEDO, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–96–00890–CR, 01–96–00891–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 15, 1998.

Discretionary Review Refused Feb. 3, 1999.

Published in Part Pursuant
to Tex. R. App. P. 90.

James M. Leitner, Houston, for Appellant.

S. Elaine Roch, Houston, for Appellee.

Before MIRABAL, TAFT and SMITH,* JJ.

## OPINION

MIRABAL, Justice.

Appellant, Ceslso Moran Caicedo, was charged with the aggravated sexual assault of D.G.,[1] and the aggravated assault of D.G.'s son,[2] in separate indictments arising from the same transaction. Both cases were tried together before a jury. The jury found appellant guilty of both offenses and assessed punishment at 10 years confinement for the aggravated assault charge and 30 years confinement for the aggravated sexual assault charge. We affirm.

### The State's Evidence

Appellant and D.G. began dating in October of 1994. After seeing appellant for approximately eight months, D.G. ended their relationship because he had become physically abusive. Appellant began to follow D.G. and called her repeatedly.

On September 9, 1995, appellant followed D.G. home from the corner store. After she

---

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Trial court cause number 703664; our cause number 01–96–00891–CR.

2. Trial court cause number 703665; our cause number 01–96–00890–CR.

refused appellant a drink of water, appellant forced his way into the apartment. Appellant dragged D.G. to her bedroom, where he locked the door and began to slap her. D.G.'s son and a visiting cousin broke down the door and entered the room armed with a car jack and a wooden spoon. Appellant drew his knife and threatened to kill the boys if they did not back off. Before leaving the apartment, appellant picked up a chair and slammed it against a glass table. Two or three days later, D.G. filed a complaint with the police, who referred the case to the district attorney's office.[3]

Appellant continued to call D.G. every day, but she would not accept his calls. During the evening of September 19, 1995, while the son was asleep in his room and D.G. was talking on the phone, appellant crashed through D.G.'s bedroom window. Appellant grabbed D.G. around the neck, held a knife to her side, and told her that he wanted to talk. The son ran to D.G.'s room, where he saw appellant holding a knife to his mother's neck. Appellant pulled the knife on D.G.'s son and told him not to move or he would be killed. Appellant then directed the son to lock himself in the bathroom, or both he and his mother would be killed. The son locked himself in the bathroom.

Appellant continued to squeeze the knife and asked why D.G. was treating him this way. Appellant told D.G. that he wanted to kill her. After appellant and D.G. talked for 15 or 20 minutes, appellant pushed her onto the bed while holding the knife in one hand. Appellant told D.G. he wanted to make love, but she responded that she did not want to and asked him to leave. Appellant responded that she had no choice and then cut D.G.'s underwear off with the knife. Appellant forced D.G. to have intercourse, still holding the knife in his hand. When appellant heard the police knocking on the front door, he ordered D.G. to tell the police it was a misunderstanding. Appellant then broke the lock on the bathroom door and entered the bathroom with the knife still in his hand. He pushed the son against the wall, hit him, and

then walked off. The police arrested appellant and recovered the knife from under the bed in D.G.'s bedroom.

**Defensive Evidence**

Appellant testified that he had visited D.G.'s apartment on September 19 to pay for the damage he had caused to the table and chair on September 9. Appellant stated that he and D.G. had engaged in consensual intercourse. Appellant testified that he departed shortly thereafter, but left his knife and wallet on the night stand. Upon realizing that he had left his wallet and knife, he returned and knocked on the door, telling D.G. that he needed to come back in for a minute. When D.G. refused to let him in, he broke through the bedroom window. Appellant stated that he could not find the knife at that time, so he could not have used it to threaten D.G. or her son.

■ In his first point of error relating to his conviction for aggravated sexual assault, appellant asserts the trial court erred in denying appellant's request for a jury instruction on sexual assault as a lesser included offense of aggravated sexual assault. After appellant requested the trial court to include an instruction on sexual assault in the jury charge, the trial court denied the request, stating:

It just appears to me that, based upon the defendant's testimony, that a lesser included offense is not raised because he testified that the intercourse was with consent. It appears to me that a lesser included offense of assault was not raised because, while denying that he had a knife, he denied in his testimony any assault occurred.

■ We apply a two-pronged test to determine whether a defendant is entitled to a charge on a lesser included offense: (1) the lesser included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a rational jury to find that if guilty, the defen-

---

3. Based on the events of September 9, appellant was charged with aggravated assault of D.G. That case was also tried before the same jury who heard the two cases now on appeal, and the jury found him not guilty of that offense.

dant is guilty of only the lesser offense. *Schweinle v. State*, 915 S.W.2d 17, 18 (Tex. Crim.App.1996); *Jones v. State*, 921 S.W.2d 361, 364 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). A jury, as the sole trier of fact, is entitled to selectively believe all or part of the conflicting testimony introduced by either side at trial. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App.1994). Anything more than a scintilla of evidence from any source is sufficient to entitle a defendant to submission of the issue. *Schweinle*, 915 S.W.2d at 18.

■ The first prong of the two-step analysis was clearly met. To prove aggravated sexual assault, the State must prove sexual assault. TEX. PENAL CODE ANN. §§ 22.011, 22.021 (Vernon 1994 & Supp.1998); *Ramos v. State*, 865 S.W.2d 463, 465 (Tex.Crim.App. 1993). Under the second prong of the test, appellant was entitled to a charge on sexual assault if evidence was presented that would allow the jury to selectively believe that appellant did not use a knife, thus negating the aggravating element of the offense, yet still allow them to convict appellant of the lesser offense of sexual assault. *See Lugo v. State* 667 S.W.2d 144, 146–47 (Tex.Crim.App.1984). Relying on *Bignall*, appellant asserts that his testimony specifically denying the use of a knife provided sufficient evidence to satisfy the second prong of the test, given that the jury may selectively believe or disbelieve portions of his testimony and portions of the complainant's testimony.

In *Bignall*, an aggravated robbery case, the issue was whether the defendant was entitled to a jury instruction on theft as a lesser included offense. The resolution of that issue depended on whether any evidence existed that would permit a rational jury to find that a gun was *not* used or exhibited during the commission of the offense. *Bignall*, 887 S.W.2d at 23. As in the present case, the defendant denied he committed any offense, and also denied that anyone had a gun. *Id.* However, different from the present case, there was evidence from *several sources* that negated the presence of a gun; therefore, the court held the defendant was entitled to an instruction on the lesser includ-

ed offense of theft. *Id.* at 23–25. The court reasoned as follows:

> The correct test, as stated in *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App. 1985), is as follows: "If a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing he is guilty only of a lesser included offense*, then a charge on a lesser included offense is not required." *Id.* at 558 (emphasis added). In this case, we have more than a mere denial of the commission of the offense. As noted above, evidence negating the presence of a gun was positively and affirmatively presented from several sources.

*Bignall*, 887 S.W.2d at 24 (emphasis in original).

In the present case, the trial court correctly denied appellant's requested instruction because there was no evidence in the record to support a finding that, if appellant was guilty at all, he was guilty only of the lesser charge. Appellant denied committing any sexual assault, and there was no evidence otherwise negating the use of a deadly weapon.

We overrule appellant's point of error one.

The discussion of the remaining points of error does not meet the criteria for publication and is, thus, ordered not published. *See* TEX.R.APP. P. 47.4.

We affirm appellant's convictions.

TAFT, J., concurs.