Chianti Marcella JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–01222–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 1, 2002.

Rehearing Overruled Sept. 19, 2002.

R. Scott Shearer, R. Scott Shearer, Esq., Houston, for Appellant.

Bridget Holloway, Asst. Dist. Atty., Harris County, Houston, for State.

Panel consists of Justices MIRABAL, HEDGES, and JENNINGS.

## OPINION

ADELE HEDGES, Justice.

Appellant was charged with aggravated robbery, enhanced by a prior burglary of a habitation conviction. The jury found the appellant guilty, the enhancement allegation true, and assessed punishment at 25 years imprisonment. We affirm.

### Background

On February 27, 2000, the complainant borrowed her parents' car, a black Oldsmobile. Another car swerved in front of her, and appellant jumped out of the passenger side. Appellant put a gun to the window and told the complainant, "We want the car . . . get out of the car." The complainant immediately got out of the car and called the police. When officers arrived at the scene, the complainant gave a description of appellant and her parents' Oldsmobile.

Two days later, Officer Jason Robles was observing cars for expired registration and inspection stickers. He ran a license plate check on a black Oldsmobile, which indicated that the car was stolen. Appellant, the driver, had no documentation to prove he owned the car. Appellant told the officer that he had bought the car a few days earlier from a man named La-

Brandt. Appellant did not have a receipt, title to the car, or any way to contact LaBrandt. Appellant was arrested for unauthorized use of a motor vehicle.

Shortly thereafter, the complainant identified appellant in a line-up as the man who pointed a gun at her and stole her parents' car. Appellant then told the police that he had purchased the car from a man named Byrd, a friend of his cousin, but he did not know how to contact Byrd or his cousin.

## Extraneous Offense

In his first point of error, appellant contends that the trial court erred in allowing the State to introduce extraneous offense evidence at the punishment stage without giving appellant proper notice.

Appellant sent a request to the State to provide notice of extraneous offenses or convictions that the State intended to introduce during trial. At the punishment stage, appellant urged an oral motion in limine to preclude the State from presenting evidence of extraneous offenses. Appellant objected under Article 37.07 of the Texas Code of Criminal Procedure, arguing that the State did not provide proper notice. The trial court overruled appellant's motion in limine. During the punishment stage, the State introduced two exhibits regarding appellant's prior convictions: (1) a burglary of a habitation and (2) juvenile adjudication of delinquency. When these exhibits were offered in evidence, appellant asked the trial court to recognize his prior objection regarding lack of notice. The trial court overruled appellant's objection.

Code of Criminal Procedure article 37.07 provides that State may offer evidence of a defendant's prior criminal record during the punishment phase of trial after a finding of guilty. TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3 (Vernon Supp.2002). Sec-

tion 3(g) requires the State, on timely request, to give the defendant notice:

(g) On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the State intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the State give notice applies only if the defendant makes a timely request to the attorney representing the State for the notice.

TEX.CODE CRIM. PROC. ANN. art. 37.07 § 3(g) (Vernon Supp.2002).

### 1. Burglary of a Habitation

■■■■ The enhancement paragraph of the indictment specifically alleged appellant's prior burglary of a habitation conviction by date, cause number, court, county, state, and offense. No motion to quash was filed. An enhancement paragraph provides the defendant with written notice of the prior conviction on which the State will rely to enhance his punishment. *Coleman v. State,* 577 S.W.2d 486, 488 (Tex. Crim.App.1979). Based on the indictment, we hold that appellant had sufficient written notice that the State would rely on the prior burglary of a habitation conviction to enhance punishment.

Appellant cites *Buchanan v. State,* 911 S.W.2d 11, 13 (Tex.Crim.App.1995), for the proposition that the State's "open file policy" is not sufficient to satisfy notice requirements. In *Buchanan,* the State in-

troduced extraneous evidence during its case in chief, whereas here, the evidence was introduced during the punishment stage. Moreover, we do not agree with appellant's contention that the indictment's enhancement paragraph in this case is identical to *Buchanan*'s open file policy of disclosing an offense report. Thus, *Buchanan* is distinguishable.

## 2. Juvenile Adjudication of Delinquency

The record does not indicate that the State gave appellant notice of its intent to introduce evidence at the punishment stage of appellant's juvenile delinquency adjudication. The State argues that appellant did not object to the same evidence presented through cross-examination of his stepfather. Appellant's stepfather testified as follows:

Q. Were you around when [appellant] was in juvenile trouble?

A. Yes, I was.

Q. Did you try to control him then?

A. Yes, I did.

Q. Couldn't do it, could you?

A. No.

Q. And actually the Judge had to send him to the Texas Youth Commission. They tried to control him, didn't they?

A. Yes, they did.

Q. Couldn't do it, could they?

A. No.

Q. Then a Judge in this Court, 208th District Court, Judge Collins, put him on probation for burglary of a habitation, right? ... And, again, [appellant] let that Judge down, right?

A. Yes.

Q. [Appellant] went to T.D.C. Then somebody let him out and he is back in our community, correct?

A. That's true.

■■■ To preserve error, a party must object every time allegedly inadmissible testimony is offered. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991). Any error in the admission of evidence is cured when the same evidence comes in elsewhere without objection. *Id.* Appellant did not object when his stepfather testified that appellant was in "juvenile trouble" and "the Judge had to send [appellant] to the Texas Youth Commission."

The stepfather's testimony merely referenced a juvenile conviction. In contrast, the State's exhibit outlined the specific offenses: (1) a juvenile probation for burglary of a habitation and (2) a revocation of the juvenile probation for committing assault and carrying a weapon. These specifics were not admitted through the stepfather's testimony. Nor were they admitted elsewhere during the punishment phase. The admission of the stepfather's testimony without objection did not cure any error in the State's failure to give notice of its intent to introduce the specifics surrounding appellant's juvenile conviction. We conclude that the trial court erroneously admitted the State's exhibit regarding appellant's juvenile delinquency adjudication.

■■■ We must determine whether such error was harmless. The erroneous admission of an extraneous offense does not constitute constitutional error. *See Avila v. State,* 18 S.W.3d 736, 741–42 (Tex. App.-San Antonio 2000, no pet.). Texas Rule of Appellate Procedure 44.2(b) provides that any error, other than constitutional error, "that does not affect substantial rights must be disregarded." Tex. R.App. P. 44.2(b). In other words, we disregard the erroneous admission of evidence if it did not adversely affect the jury's verdict, or had only a slight effect on the jury's verdict. *See King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

The trial court's charge on punishment instructed the jury as follows:

> If you find the allegations in the enhancement paragraph of the indictment are true, you will assess the punishment of the defendant at confinement ... for not less than fifteen years nor more than ninety-nine years or life. In addition thereto, you may assess a fine not to exceed $10,000.00.

> If you find the allegations in the enhancement paragraph of the indictment are not true, you will assess the punishment of the defendant at confinement ... for not less than five years nor more than ninety-nine years or life. In addition thereto, you may assess a fine not to exceed $10,000.00.

■ If the jury found the enhancement true, the punishment range was 15 to 99 years. If the jury found the enhancement not true, the punishment range was 5 to 99 years. During closing argument, appellant's attorney requested the jury to assess the minimum punishment of 15 years—the minimum considering the enhancement true. The State requested "at least 30 years." The jury assessed 25 years. The jury had already found appellant guilty of aggravated robbery during the guilt/innocence stage. During the punishment stage, the jury properly considered the enhancement based on appellant's prior burglary of a habitation conviction. Additionally, the jury heard the stepfather's reference, without objection, to appellant's juvenile conviction. The 25–year punishment assessed was at the lower end of the range. We hold that any error during the punishment stage in admitting the State's exhibit containing the specifics of the juvenile offense was harmless. *See* Tex.R.App. P. 44.2(b).

We overrule the first point of error.

## Lesser–Included Offense

In his second point of error, appellant contends that the trial court erred in failing to instruct the jury on the lesser-included offense of unauthorized use of a motor vehicle.

■ To determine whether appellant was entitled to a charge on the lesser-included offense, we apply a two-prong test. *See Bignall v. State*, 887 S.W.2d 21, 23 (Tex.Crim.App.1994); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex.Crim. App.1993). First, the lesser-included offense must be included within the proof necessary to establish the offense charged. *Bignall*, 887 S.W.2d at 23. Second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* If any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App.1992).

Regarding the first prong, this Court has held that unauthorized use of a motor vehicle may be a lesser-included offense of aggravated robbery. *Teague v. State*, 789 S.W.2d 380, 382 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) (citing *Griffin v. State*, 614 S.W.2d 155, 158 n. 4 (Tex.Crim. App.1981)). Turning to the second prong, the lesser-included offense charge *is required* if *some evidence* exists in the record that would permit a jury rationally to find that if a defendant is guilty, he is guilty *only* of the lesser offense. *Bignall*, 887 S.W.2d at 23. Stated in the reverse, the lesser-included offense charge *is not required* if "a defendant either presents evidence that he committed no offense or presents no evidence, and there is *no evidence* otherwise showing he is guilty *only* of a lesser-included offense." *Bignall*, 887 S.W.2d at 23 (emphasis added). The key word is "only." Just because, for example,

a defendant participating in a high speed police pursuit runs a red light, does not entitle him to a charge on the lesser-included offense of a traffic violation. Accordingly, we must determine if there was some evidence in this record that would permit a jury rationally to find that if appellant is guilty, he is guilty only of unauthorized use of a motor vehicle.

A person is guilty of unauthorized use of a motor vehicle if he intentionally or knowingly operates another's vehicle without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.07 (Vernon 1994). A person is guilty of aggravated robbery if he commits robbery and he: (1) causes serious bodily injury to another; or (2) uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(1), (2) (Vernon 1994).[1]

There was never any question in this trial that appellant used the vehicle without authorization from the complainant. His entire defense was that he lawfully bought the car. Originally, appellant told police that he had bought the car from a man named LaBrandt. He later told police that he had purchased the car from a man named Byrd. Appellant's defense was that he did not commit a crime at all.

 "When the defendant denies commission of any offense and, therefore, presents no evidence establishing commission of a lesser-included offense, he is not entitled to a charge on the lesser offense." *Fraga v. State,* 940 S.W.2d 736, 738 (Tex. App.-San Antonio 1997, pet. ref'd) (citing *Hackbarth v. State,* 617 S.W.2d 944, 947 (Tex.Crim.App.1981)); *see also In re V.M.D.,* 974 S.W.2d 332, 349 (Tex.App.-San Antonio 1998, no pet.); *Broadway v. State,*

732 S.W.2d 93, 95 (Tex.App.-Beaumont 1987, no pet.); *Brooks v. State,* 690 S.W.2d 61, 63 (Tex.App.-Houston [14th Dist.] 1985, no pet.); *Johnson v. State,* 665 S.W.2d 554, 557 (Tex.App.-Houston [1st Dist.] 1984, no pet.).

As in *Fraga, Hackbarth, Broadway, Brooks,* and *Johnson,* the appellant here denied the commission of any offense. In accordance with his defensive theory, appellant presented no evidence suggesting that, if he was guilty of anything, it was *only* of the lesser offense of unauthorized use of a motor vehicle. Just because a jury may choose to disbelieve his story does not, of itself, create a right to a lesser-included-offense charge. To hold otherwise is tantamount to consideration of "evidence" outside the record.

The State's evidence supported the finding of guilt for the charged offense of aggravated robbery. With regard to unauthorized use of a motor vehicle, it is true that appellant was found operating the vehicle and that he did not have the owner's consent to do so. In light of appellant's denial of any offense, however, those facts do not support the conclusion that, if appellant was guilty of an offense, he was guilty only of unauthorized use of a motor vehicle.

The dissent contends that the complainant's testimony that she had not given appellant consent to operate her car, by itself, is sufficient to support unauthorized use of a motor vehicle. We disagree because the complainant also testified that appellant put a gun to her car window and told her, "We want the car ... get out of the car." The complainant's testimony, therefore, is not some evidence that appel-

---

1. A person is guilty of robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN § 29.02(a) (Vernon 1994).

lant is guilty *only* of unauthorized use of a motor vehicle.[2]

■ Moreover, the dissent contends that the jury may have disbelieved: (1) appellant's statement that he purchased the vehicle and (2) the complainant's identification of appellant. The dissent argues that, if the jury disbelieved both of these testimonies, the jury may have concluded that appellant intentionally or knowingly drove the stolen car. The dissent's reliance on the jury's disbelief makes a leap by creating "evidence" that is not in this record. In *Bignall*, the Court of Criminal Appeals held, "[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted." *Bignall*, 887 S.W.2d at 24. There is no direct evidence that appellant intentionally or knowingly operated another's vehicle without the effective consent of the owner so that appellant is guilty only of the lesser-included offense of unauthorized use of a motor vehicle.

■ To require a lesser-included-offense charge in this case would be to require one in every case in which a lesser-included offense is merely possible. We decline to establish such a broad rule. The trial court did not err in refusing to instruct the jury on the lesser-included offense.

We overrule the second point of error.

### Conclusion

We affirm the judgment of the trial court.

Justice MIRABAL dissenting.

2. By contrast, hypothetically, if there had been evidence that appellant knew the car was stolen, but appellant did not commit ag-

MIRABAL, Justice, dissenting.

I dissent.

Following is the rule regarding entitlement to "lesser-included offense" language in the jury charge:

> If a defendant either presents evidence that he committed no offense or presents no evidence, *and there is no evidence otherwise showing he is guilty only of a lesser included offense,* then a charge on a lesser included offense is not required.

*Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim.App.1994); *Caicedo v. State*, 981 S.W.2d 817, 819 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd) (emphasis in originals).

In the present case, I agree with the majority that "unauthorized use of a motor vehicle may be a lesser-included offense of aggravated robbery." Where we diverge is with regard to the second prong of the controlling test: whether *some evidence* exists in the record that would permit a rational jury to find that if guilty, the defendant is guilty of only the lesser offense. *See Schweinle v. State*, 915 S.W.2d 17, 18 (Tex.Crim.App.1996).

A jury, as the sole trier of fact, is entitled to selectively believe all or part of the conflicting testimony introduced by either side at trial. *See Bignall*, 887 S.W.2d at 24. Anything more than a scintilla of evidence *from any source* is sufficient to entitle a defendant to submission of the issue. *See Schweinle*, 915 S.W.2d at 18.

In the present case, there was evidence that, two days after complainant's car was stolen, appellant was found driving the

gravated robbery, then he would have been entitled to an unauthorized use of a motor vehicle charge.

complainant's car. There was evidence that appellant had nothing to do with the robbery; rather, according to appellant, he had purchased the car for $500.00 a few days before he was stopped by police. On cross-examination of the complainant, appellant's counsel vigorously attacked the complainant's identification of appellant as the carjacker.

The issue presented, therefore, is whether the record would permit a rational jury to find that, if guilty of anything, appellant was guilty only of "unauthorized use of a motor vehicle."

The complainant testified that she had not given appellant consent to operate her car. Such evidence, by itself, is sufficient to support a finding that appellant knew he did not have the complainant's effective consent to operate the car. *See McQueen v. State,* 781 S.W.2d 600, 604–05 (Tex. Crim.App.1989); *White v. State,* 844 S.W.2d 929, 931–32 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd.). Further, the jury could have disbelieved appellant's statement that he purchased the vehicle, concluding instead that appellant was aware he was driving a stolen vehicle.

The key to the appropriate analysis is that the jury, as the sole trier of fact, was entitled to selectively believe all or part of the evidence introduced by either side. *See Bignall,* 887 S.W.2d at 24. The jury could have reasonably concluded that the complainant was mistaken in her identification of appellant as the carjacker, and it could also have reasonably concluded that appellant, even though he did not steal the car, was aware he was driving a stolen car. Thus, the evidence was sufficient to entitle appellant to inclusion in the jury charge of the language covering the lesser-included

offense of unauthorized use of a motor vehicle.

Accordingly, the trial court erred when it overruled appellant's request that the jury charge include the lesser-included-offense language. Under the well established standard set out in *Almanza* and *Arline,* such error mandates reversal of the conviction. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1984).

We should reverse and remand the case to the trial court.[1]

---

1. Because I would sustain appellant's second point of error, I would not reach the merits of appellant's first point of error. My silence as to the majority's disposition of the first point of error does not indicate my agreement with the analysis or the result.