Opinion issued April 17, 2003 




     











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00332-CR




MARC ANTHONY RIDEAUX, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 00CR1004




MEMORANDUM OPINION
          Marc Anthony Rideaux, appellant, was charged with burglary of a building,



enhanced by two prior felony convictions. The jury found appellant guilty. 
Appellant pleaded true to the two enhancement paragraphs. The trial court assessed
punishment at 15 years’ confinement. In two points of error, appellant argues that (1)
the evidence was factually insufficient to support his conviction and (2) the trial court
committed reversible error by allowing the jury to hear identification testimony
concerning appellant. We affirm.
Facts
          On June 5, 2000, the Galveston Police Department called Tammy Babcock at
work regarding a burglary at her house. Babcock arrived at her house to find police
officers in her backyard around her detached garage. Babcock checked the contents
of the garage and noticed that a chain saw, two cordless power drills, a jigsaw, a
circular saw, a framing nailer, and a weed trimmer were missing. Nothing from her
house was missing.
          The detached garage is completely enclosed by a privacy fence that is seven
feet tall. There are three ways to get to the detached garage: through the house,
through a back gate, and through two swinging gates that are chained together. Both
the back gate and the swinging gates are locked from the inside and cannot be opened
from outside the fence. The gates were locked and the chainsaw was in the detached
garage when Babcock was last at her house on June 3, 2000. The detached garage
windows are covered. The inside of the detached garage is accessible only through
a sliding garage door. The garage is bisected by an internal wall that has a door. The
chainsaw was inside the separate portion of the garage that is accessible only through
the door in the internal wall.
          Matthew Fondren, Babcock’s next door neighbor, was home from work on
June 5, 2000. From his window he saw a red car with the license plate PYY40N
parked in the alleyway between his house and Babcock’s house. This alerted him that
a burglary might be in progress. He saw appellant sitting in the passenger side of the
car. He looked through his front bedroom window and saw appellant get out of the
car and walk toward Babcock’s fence. Fondren went to the front of the house to
another window to get a better view and saw appellant standing in Babcock’s
backyard. Fondren called 911 and told the operator that a burglary was in progress. 
He provided the operator with a description of the car and the license plate number. 
          Officer William Scott received a call over his radio about a car leaving the
scene of a burglary. Scott stopped the car within a few blocks of Babcock’s house
and waited for backup. When Officer David Thomas arrived, Scott and Thomas took
appellant and the driver out of the car. Appellant was in the passenger seat, and
Babcock’s chainsaw was in the backseat of the car, behind appellant. Thomas took
appellant to Babcock’s house, about 30 to 45 minutes after Fondren called 911; and
Fondren identified appellant as the man he saw in the passenger seat of the car and
in Babcock’s backyard. Babcock was able to match the serial number on the
chainsaw to the serial number that was on the owner’s manual.Factual Sufficiency
          In his first point of error, appellant argues that the evidence was factually
insufficient to support his conviction. Specifically, appellant argues that there was
insufficient evidence to prove he entered Babcock’s garage. 
          In reviewing factual sufficiency, we examine all the evidence neutrally and ask
whether proof of guilt is so obviously weak as to undermine confidence in the jury’s
determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. Zuliani v. State, 97 S.W.3d 589, 594 (Tex. Crim.
App. 2003); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); Valencia v.
State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). While
conducting our analysis, if there is probative evidence supporting the verdict, we
must avoid substituting our judgment for that of the trier-of-fact, even when we
disagree with the determination. King, 29 S.W.3d at 563. The trier-of-fact is the sole
judge of the weight and credibility of the witness testimony. Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000).
          A person commits burglary of a building if, without the effective consent of the
owner, the person enters a building and commits or attempts to commit a felony, theft,
or assault. Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2003). 
          Babcock testified that her gates were closed and locked and could not be
opened from the outside. She testified that she did not know appellant, nor did she
give him permission to enter the detached garage. She further testified that her
chainsaw and other tools were missing from her garage. 
          Scott testified that he stopped a car that matched the description of that
described by Fondren and that had the license plate number Fondren gave the 911
operator. The chainsaw recovered from the car was Babcock’s chainsaw. Scott
testified that no fingerprints were taken from the chain saw and that the driver of the
car could have taken the chain saw. Scott testified that Fondren never told him that
anyone other than appellant was in Babcock’s yard. 
          Fondren identified appellant as the man he saw in the passenger side of the car
and as the man he saw inside Babcock’s fence. He testified that he did not see
appellant in the garage, only in the backyard, and he did not see appellant leave the
backyard or get back into the car. Fondren further testified that he never saw the
driver take anything out of Babcock’s house or yard; that the driver of the red car
drove off without appellant; that he saw appellant, but not the driver, get out of the
car; and that he did not see anyone other than appellant in Babcock’s backyard. 
          Viewing the evidence neutrally, we observe that the jury decided, in this case,
to believe Babcock, Fondren, and Scott. Because the jury, as trier-of-fact, is the sole
judge of the weight and credibility of the witness testimony, and because the proof
of guilt was not so obviously weak as to undermine confidence in the jury’s
determination, or so greatly outweighed by contrary proof as to indicate that a
manifest injustice occurred, we find that the evidence was factually sufficient to
support the verdict.
          We overrule appellant’s first point of error.
Preservation of Error
          In his second point of error, appellant argues that the trial court committed
reversible error by allowing the jury to hear identification testimony concerning
appellant. 
          Appellant did not object when Fondren, Scott, or Thomas testified on direct
examination; and appellant further developed Fondren’s, Scott’s, and Thomas’s
testimony during cross-examination. Appellant’s second point of error was not
preserved for our review. See Tex. R. App. P. 33.1. To preserve error as to the
admission of testimony, a party must present a timely specific objection and secure
an adverse ruling. Tex. R. App. P. 33.1; Tex. R. Evid. 103(a)(1); Camarillo v. State,
82 S.W.3d 529, 534 (Tex. App.—Austin 2002, no pet.). Preservation of error for
appellate review generally requires a timely objection. Camarillo, 82 S.W.3d at 534
(citing Robinson v. State, 16 S.W.3d 808, 809 (Tex. Crim. App. 2000)). Furthermore,
a party must object every time allegedly inadmissible testimony is offered. Johnson
v. State, 84 S.W.3d 726, 729 (Tex. App.—Houston [1st Dist.] 2002, pet. filed). Any
error in the admission of evidence is cured when the same evidence comes in
elsewhere without objection. Id. Therefore, appellant has waived his second point
of error.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).