**Opinion filed April 30, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00110-CR

_____

## RICKY LEE LINK A/K/A RICKY LEE LINK LINI, Appellant

## V.

## STATE OF TEXAS, Appellee

On Appeal from the 104th District Court

Taylor County, Texas

Trial Court Cause No. 17453B

## M E M O R A N D U M   O P I N I O N

Ricky Lee Link a/k/a Ricky Lee Link Lini, appellant, was charged with the felony offense of driving while intoxicated (three or more prior convictions related to the operation of a motor vehicle while intoxicated) with one prior felony enhancement paragraph. Appellant entered a plea of not guilty to the charge of driving while intoxicated.  He pleaded true to the enhancement paragraph.  The jury found appellant guilty, found the enhancement paragraph to be true, and assessed his punishment at fifteen years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000.  We affirm.

In his first issue, appellant asserts that the trial court erred when it allowed the arresting officer to give opinion testimony as to appellant's intent. In his second issue, appellant asserts that the trial court erred when it allowed the arresting officer to testify that appellant told her that he ran from the officer because he was on parole.

*Background Facts*

On June 5, 2009, Officer Aron Bryan was on routine patrol in the 1200 block of North Mockingbird when she noticed that the registration sticker on appellant's vehicle had expired. She turned on her overhead lights and attempted to stop appellant. Appellant continued driving to the next block, pulled into the left lane, and stopped in the left-turn lane at a traffic light at Mockingbird and North 10th Street. Officer Bryan assumed that appellant was attempting to turn off Mockingbird, a busy street, so that she could complete the stop away from the traffic. Instead of pulling over on North 10th Street, appellant took an abrupt left turn and continued driving north on Fannin. When Officer Bryan saw appellant take the turn at a high rate of speed and almost hit a parked car, she concluded that he was driving recklessly and turned off her overhead lights. Officer Bryan assumed that appellant was attempting to flee, and it is the policy of her department not to chase suspects when a felony has not been committed in the officer's presence.

As Officer Bryan continued to follow appellant, her overhead lights remained off. At the end of the block, appellant stopped his vehicle in the middle of the road at a stop sign and got out. Officer Bryan got out of her vehicle as well and began walking toward appellant. When appellant began walking away, Officer Bryan ordered him to stop. Appellant threw his hands up at Officer Bryan and then began to run away from her. Officer Bryan testified that she believed the gesture indicated appellant was going to fight her. Officer Bryan grabbed appellant's arm, and they wrestled in the street as he continued to try to run away. They both tripped over a curb and fell to the ground. Officer Bryan said that appellant's level of intoxication impaired his ability to flee and his ability to fight her. As Officer Bryan placed handcuffs on appellant, she noticed a strong odor of alcohol emanating from him. His speech was slurred, and his eyes were bloodshot.

Officers Adam Becker and Cati Shriver had begun to follow Officer Bryan when they saw her turn on her overhead lights at the onset of the attempted stop. They saw appellant run from his vehicle and Officer Bryan catch him and attempt to tackle him. Officer Becker assisted Officer Bryan in subduing appellant; Officer Shriver went to speak with appellant's passenger.

2

After appellant was subdued, Officer Bryan asked him why he ran from her. He replied, "[B]ecause I'm on parole."

Field sobriety tests were not completed at the scene because appellant was deemed a flight risk. At the Taylor County Jail, appellant refused to participate in an interview, to complete field sobriety tests, or to provide a breath or blood sample.

Appellant's passenger, Christopher Shawn Dickinson, was a hostile witness at trial and testified that he did not remember what he said to the officers that night. Officers Shriver and Becker testified that Dickinson told them that he and appellant had been drinking and smoking marihuana at a friend's house and were on their way to Walgreens.

Stephanie Rollins, a forensic specialist with the Abilene Police Department, testified that appellant's fingerprint card matched the prints found in State's Exhibit Nos. 3 and 4, prior convictions for DWI.

*Standard of Review*

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1991). We reverse only when the trial court's decision was so clearly wrong as to fall outside the zone of reasonable disagreement. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006) (citing *Montgomery*, 810 S.W.2d at 391). We uphold the trial court's ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

*Issue One*

Appellant argues that the trial court erred when it allowed Officer Bryan to testify, over defense counsel's objection, as to appellant's intent to fight the officers at the time of the arrest. Appellant asserts that this testimony was a speculative opinion as to his mental state and was not based on personal knowledge. He also asserts that this testimony attributed to him an intent to engage in acts that would constitute an extraneous offense or bad act not relevant to the charge for which he was on trial.

The testimony of which appellant complains took place during the following exchange between Officer Bryan and the State's counsel:

> BRYAN: . . . I told him to stop, and he threw his hands up at me and then he took off running.

3

Q. What do you mean he threw his hands up?

A. Threw his hands up like this (gesturing).

Q. Did that indicate to you that he was going to comply with the stop?

A. No.

Q. More like he was going to fight or what happened?

A. Yes.

        . . . .

Q. So it was your opinion that he was going to fight you?

A. Yes.

The testimony of a police officer based on her experience is admissible as a lay opinion. *Osbourn v. State*, 92 S.W.3d 531, 536–37 (Tex. Crim. App. 2002). The witness's testimony can include opinions, beliefs, or inferences as long as they are drawn from his or her own experiences or observations. *Id*. at 535. Perceptions refer to a witness's interpretation of information acquired through his or her own senses or experiences at the time of the event (i.e., things the witness saw, heard, smelled, touched, felt, or tasted). *Id*.

Officer Bryan was not speculating about appellant's inner thoughts, she was drawing an inference from her personal observation of his demeanor and actions. He raised his hands in what she perceived as a threatening gesture. Her testimony concerned her own belief that he intended to fight her and the other officers, and this was an inference drawn from her own observations. This information was relevant. It did not describe an extraneous offense or bad act but, rather, appellant's actions during the incident for which he was on trial. The inclusion of this information was not so prejudicial that it should have been excluded on that ground. The testimony was brief and unembellished. It was also presented alongside copious evidence that appellant was intoxicated, was driving a vehicle in such a state, and attempted to flee from the police. In this context, evidence that he made a brief threatening hand gesture was not likely to have unduly influenced the jury. The trial court did not abuse its discretion by allowing this testimony. Appellant's first issue is overruled.

4

*Issue Two*

Appellant asserts that the trial court erred when it allowed Officer Bryan to testify that appellant told her that the reason he ran away from her was because he was on parole. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. TEX. R. EVID. 404(b). However, if the evidence has relevance apart from character conformity, Rule 404(b) permits the admission of the evidence. *Id*. Appellant contends that the testimony had no relevance apart from character conformity and that it was not within the zone of reasonable disagreement to allow the jury to hear it.

However, assuming without deciding that the inclusion of this testimony was error, we find any error to be harmless. The erroneous admission of evidence of an extraneous offense is nonconstitutional error. *Roethel v. State*, 80 S.W.3d 276, 281 (Tex. App.—Austin 2002, no pet.); *Johnson v. State*, 84 S.W.3d 726, 729 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). Accordingly, we must disregard the error unless it affects appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b); *Roethel*, 80 S.W.3d at 281. A substantial right is affected when the error had a substantial and injurious effect or influence on the jury's verdict. *See Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Substantial rights are not affected by the erroneous admission of evidence if, after examining the record as a whole, we have fair assurance that the error did not influence the jury, or had but a slight effect. *Motilla v. State,* 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

Our review of the entire record includes reviewing any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how the alleged error might be considered in connection with the other evidence in the case. *Id*. We may also consider the jury instructions, the State's theory and any defensive theories, the emphasis placed on the erroneously admitted evidence, closing arguments, and voir dire, if applicable. *Id*. at 355–56.

Here, the erroneously admitted testimony was unembellished and brief. The jury was not told why appellant was on parole. Meanwhile, the evidence supporting the verdict was substantial. Appellant did not pull over when Officer Bryan turned on her overhead lights. He almost hit a parked car while accelerating into a turn. He left his car in the middle of the road, ran from it, and then turned and made a threatening hand gesture toward the officer who was chasing him. Officer Bryan noticed that appellant's movements were impaired, that there was a strong odor of alcohol about his person, that his speech was slurred, and that he had bloodshot

eyes.  He wrestled with a police officer.  His passenger told Officers Shriver and Becker that the two had been drinking and smoking marihuana.  In light of this evidence, we believe that the brief mention of appellant's parole status had but a slight effect on the jury's decision, if any effect at all.

Considering the record in its entirety, we conclude that any error in admitting evidence of appellant's status as a parolee did not have a substantial and injurious effect or influence on the jury's verdict and, thus, did not affect appellant's substantial rights. *See Casey*, 215 S.W.3d at 885; *King*, 953 S.W.2d at 271.  Accordingly, we hold that any error is harmless and should be disregarded.  *See* Rule 44.2(b); *Roethel*, 80 S.W.3d at 281.  Appellant's second issue is overruled.

The judgment of the trial court is affirmed.


PER CURIAM


April 30, 2012

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

6