**Opinion issued September 15, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00260-CR

———————————

**ARTHUR ALEXANDER OFFICE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 08-DCR-048561**

---

## MEMORANDUM OPINION

This is an appeal from an adjudication of guilt on a 2008 charge of aggravated assault causing bodily injury, a second degree felony. The trial court found true the State's allegation in its motion to revoke that Appellant Arthur Office violated a condition of his probation—that he not commit any offense

against the laws of Texas—when he assaulted his wife in February 2013. On that basis, the trial court granted the State's motion to revoke and sentenced Office to seven years' confinement. In his sole point of error, Office contends that the trial court abused its discretion by admitting irrelevant and unfairly prejudicial evidence of prior bad acts and extraneous offenses. We affirm.

## Background

In 2008, Office pleaded guilty to the second-degree felony of aggravated assault causing serious bodily injury to his wife, Erika. The trial court placed Office on probation for four years. Between 2009 and 2013, the State filed five motions to adjudicate Office's guilt, and the trial court extended his probation for two additional years. In August 2013, the State filed an amended motion for adjudication of guilt, alleging that Office assaulted Erika with a deadly weapon in February 2013 and committed the offense of retaliation in August 2013, by attempting to solicit Erika's murder.

The trial court conducted a hearing on the State's motion, at which it heard testimony regarding the February 2013 assault from Erika, Office, and the responding officer. Though accounts of the alleged February 2013 assault offered by Erika and Office were inconsistent—Office claimed self-defense and that Erika was the aggressor—Office admits that there was a physical altercation. Photographs of Erika's resulting injuries, including a bruised and swollen eye, and

other bruises and scratches, were admitted without objection. And the responding officer testified that, when he arrived, Erika was shaking, crying, and seemed to be in fear for her life.

The trial court also heard evidence regarding another of the State's grounds for revocation: that Office attempted to hire Ronnie Washington, who was Office's barber, to murder Erika. During the hearing, Erika, the responding officer, Office's probation officer, and Office himself testified about several bad acts or extraneous offenses by Office: the predicate 2008 assault of Erika for which Office was on probation, Office's assault on their son, and Office's adultery, bankruptcy filing, and DWI convictions.

Although the trial court did not find true the State's allegations regarding the alleged murder for hire, it did find true the allegation that Office assaulted Erika in February 2013, thereby violating the condition that he "[c]ommit no offense against the laws of [Texas]." Accordingly, the trial court revoked Office's probation and assessed punishment at seven years' confinement. Office timely appealed.

## Discussion

In his sole point of error, Office contends that the trial court abused its discretion by admitting evidence of irrelevant and unfairly prejudicial bad acts and extraneous offenses. Office contends that he would have received a more lenient

sentence had this evidence been excluded, and, accordingly, he argues that the trial court's judgment should be reversed.

## A. Standard of Review and Applicable Law

An appellant must preserve error in revocation hearings to challenge evidentiary rulings on appeal. *See, e.g.*, *Fuller v. State*, 253 S.W.3d 220, 232–33 (Tex. Crim. App. 2008) (holding that appellant waived appellate review of any associated error because he made no objections to testimony at trial). To preserve error, the complaining party must make a timely request, objection, or motion to the trial court that (1) is sufficiently specific to make the trial court aware of the complaint—unless it is apparent from the context—and (2) complies with the Rules of Evidence. TEX. R. APP. P. 33.1(a). Furthermore, a party must object every time allegedly inadmissible testimony is offered. *Johnson v. State*, 84 S.W.3d 726, 729 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)).

Assuming an error is properly preserved, even if a trial court errs by improperly admitting evidence, reversal is warranted only if the appellant demonstrates that the erroneous admission of this evidence affected his substantial rights. TEX. R. APP. P. 44.2(b). "It is well established that the improper admission of evidence does not constitute reversible error if the same facts are shown by other evidence which is not challenged." *Leday v. State*, 983 S.W.2d 713, 717

4

(Tex. Crim. App. 1998) (internal quotations omitted) (quoting *Crocker v. State*, 573 S.W.2d 190, 201 (Tex. Crim. App. [Panel Op.] 1978)). Thus, the improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial.

## B. Analysis

On appeal, Office challenges the admission of several pieces of evidence he contends were irrelevant and unfairly prejudicial. The complained-of evidence relates generally to five subjects: (1) instances of Office's abuse of Erika other than the 2013 assault that formed the basis of the motion to revoke and, in particular, the 2008 predicate assault, (2) Office's adultery, (3) Office's bankruptcy filing, (4) Office's DWI conviction, and (5) Office's assault on his son. The State responds that Office failed to preserve error or, alternatively, that the evidence was admissible or its admission was harmless.

We conclude that Office failed to preserve error with respect to four of the categories of evidence about which he complains. Office made no objection to his probation officer's testimony concerning his DWI conviction or his alleged assault on his son, nor did he object when Erika testified that they filed bankruptcy and that Office had committed adultery. And Office did not request or obtain a running objection to this evidence. In the absence of a running objection, the failure to object at trial waived any error in the admission of this evidence. *See* TEX. R. APP.

5

P. 33.1(a); *Fuller*, 253 S.W.3d at 232–33 (holding that appellant waived appellate review of any associated error because he made no objections to testimony at trial); *Johnson*, 84 S.W.3d at 729 (party must object every time allegedly inadmissible testimony is offered).

Even if Office arguably preserved error with respect to evidence related to instances of abuse or assaults on Erika other than the assault that formed the basis of the State's motion to revoke, we nevertheless conclude that reversal is not warranted. We first note that the trial court had continuous jurisdiction over the original sentencing, and the revocation hearing is considered an extension of the original sentencing hearing. *See Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (in sufficiency of evidence challenges in probation revocation cases, proof of judgment and order of probation is not required so long as they appear in the appellate record). Because of this continuing jurisdictional nature of a probation revocation hearing, the fact of the 2008 assault was already before the trial court, and any admission of evidence related to the 2008 assault at the revocation hearing would have been harmless. In addition, though Office objected when Erika testified about the 2008 assault and other instances of abuse, Office admitted during his testimony that he struck Erika during the 2008 incident because she threw hot water on him. In sum, although Office objected to some evidence about which he complains on appeal, the same or similar evidence was

admitted without objection at other points in the trial. Accordingly, even assuming error were preserved, we conclude that any error in admitting the complained-of evidence was harmless. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (improper admission of evidence does not constitute reversible error and is properly deemed harmless if the same or similar facts are proved by other properly admitted evidence); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) (same).[1]

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Chief Justice Radack, Justice Bland, and Justice Huddle.

Do not publish. Tex. R. App. P. 47.2(b).

---

[1] We also note that the trial court commented generally that it would disregard evidence unrelated to the grounds for revocation alleged in the State's motion. *See Herford v. State*, 139 S.W.3d 733, 735 (Tex. App.—Fort Worth 2004, no pet.) (assuming trial court disregarded inadmissible evidence when record reflected similar comment); *Corley v. State*, 987 S.W.2d 615, 621 (Tex. App.—Austin 1999, no pet.) (likelihood that extraneous evidence will unfairly prejudice the defendant is diminished in bench trial).